IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| DEBORAH ANN COLLINS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>CLOSE REAL ESTATE LLC<br><br><br><br>Defendant. | Case No.<br><br><br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF'S CLASS ACTION COMPLAINT**

Plaintiff Deborah Ann Collins ("Ms. Collins"), by her undersigned counsel, for this class action complaint against Defendant Close Real Estate LLC, as well as its present, former and future direct and indirect parent companies, subsidiaries, affiliates, agents and related entities, alleges as follows:

## I. INTRODUCTION

1. As the Supreme Court has explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back. As relevant here, the Telephone Consumer Protection Act of 1991, known as the TCPA, generally prohibits robocalls to cell phones and home phones." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

2. However, the TCPA doesn't only restrict robocalls.

3. "Telemarketing calls are intrusive. A great many people object to these calls, which interfere with their lives, tie up their phone lines, and cause confusion and disruption on phone records. Faced with growing public criticism of abusive telephone marketing practices, Congress enacted the Telephone Consumer Protection Act of 1991. Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227). As Congress explained, the law was a response to Americans 'outraged over the proliferation of intrusive, nuisance calls to their homes from telemarketers,' *id.* § 2(6), and sought to strike a balance between '[i]ndividuals' privacy rights, public safety interests, and commercial freedoms,' *id.* § 2(9)." Krakauer v. Dish Network, L.L.C., 925 F.3d 643, 649 (4th Cir. 2019).

4. "[T]he law opted for a consumer-driven process that would allow objecting individuals to prevent unwanted calls to their homes. The result of the telemarketing regulations was the national Do-Not-Call registry. *See* 47 C.F.R. § 64.1200(c)(2). Within the federal government's web of indecipherable acronyms and byzantine programs, the Do-Not-Call registry stands out as a model of clarity. It means what it says. If a person wishes to no longer receive telephone solicitations, he can add his number to the list. The TCPA then restricts the telephone solicitations that can be made to that number. *See id.*; 16 C.F.R. § 310.4(b)(iii)(B) ('It is an abusive telemarketing act or practice and a violation of this Rule for a telemarketer to . . . initiat[e] any outbound telephone call to a person when . . . [t]hat person's telephone number is on the "do-not-call" registry, maintained by the Commission.'). . . . [P]rivate suits can seek either monetary or injunctive relief. [47 U.S.C. § 227(c)(5)]. . . . This private cause of action is a straightforward provision designed to achieve a straightforward result. Congress enacted the law to protect against invasions of privacy that were harming people. The law empowers each person

to protect his own personal rights. Violations of the law are clear, as is the remedy. Put simply, the TCPA affords relief to those persons who, despite efforts to avoid it, have suffered an intrusion upon their domestic peace." *Id*. at 649-50.

5. Plaintiff, individually and as class representative for all others similarly situated, brings this action against Defendant for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA") for making prerecorded telemarketing calls to numbers on the National Do Not Call Registry, including his own.

6. Because telemarketing campaigns generally place calls to thousands or even millions of potential customers *en masse*, Plaintiff brings this action on behalf of a proposed nationwide class of other persons who received illegal telemarketing calls from or on behalf of Defendant.

## II.   PARTIES

7. Plaintiff Deborah Ann Collins is an individual.

8. Defendant Close Real Estate LLC is a corporation with its headquarters and primary place of business in this District.

## III.   JURISDICTION AND VENUE

9. Jurisdiction. This Court has federal-question subject matter jurisdiction over Plaintiff's TCPA claims pursuant to 28 U.S.C. § 1331 because the TCPA is a federal statute. 47 U.S.C. § 227; *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 372 (2012).

10. Personal Jurisdiction: The Court has specific personal jurisdiction over Defendant Close Real Estate LLC because they are located in this District.

11. <u>Venue</u>: Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to Plaintiff's claims—namely, the illegal telemarketing at issue—were sent from this district.

## IV.     FACTS

**A.     The Enactment of the TCPA and its Regulations**

12.     In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

13.     The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a . . . cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call." 47 U.S.C. § 227(b)(1)(A).

14.     The TCPA provides a private cause of action to persons who receive calls in violation of 47 U.S.C. § 227(b)(1)(A). *See* 47 U.S.C. § 227(b)(3).

15.     According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.

16.     Congress singled out these services for special protection either because Congress realized their special importance in terms of consumer privacy and therefore protected them (as in the case of cellular phones), or because the numbers are assigned to services, like Mr.

Shelton's VoIP service, for which the called party is charged, thus shifting the cost of automated or prerecorded messages onto consumers. *See Barr v. Am. Ass'n of Pol. Consultants, Inc*, 140 S. Ct. 2335, 2363, (2020) (Gorsuch, J. & Thomas, J., concurring in part and dissenting in part).

17.     This cause of action applies to users of any one of the four protected services (pager, cellular, specialized mobile radio [i.e. radiotelephony locator beacons or dispatch systems], or another radio common carrier service [i.e. ship-to-shore or air-to-ground]), or any service, including residential, VoIP, and landline services, for which the called party is charged for the call. *See Perrong v. Victory Phones LLC*, No. CV 20-5317, 2021 WL 3007258, at *6 (E.D. Pa. July 15, 2021).

18.     "Non-emergency prerecorded voice or autodialed calls to [the destinations enumerated in 47 U.S.C. § 227(b)(1)(A)] are permissible only with the prior express consent of the called party." This includes calls made using artificial or prerecorded voices to business lines. *See FCC Enforcement Advisory: Tel. Consumer Prot. Act Robocall & Text Rules - Biennial Reminder for Pol. Campaigns About Robocall & Text Abuse*, 31 FCC Rcd. 1940, 1941 n.6 (2016) [hereinafter FCC Advisory].

19.     Non-consensual, non-emergency calls placed using an ATDS or an artificial or prerecorded voice violate 47 U.S.C. § 227(b)(1)(A), regardless of the purpose of the call. *Victory Phones*, 2021 WL 3007258, at *6 (rejecting claim that noncommercial survey calls were exempt and holding that "[T]he operative language of the TCPA is unambiguous. Section 227(b)(1)(A) prohibits placing artificial and prerecorded voice calls to a variety of telephone numbers."). To hold otherwise would read the words "any person" and "any call" out of the statute. *See id*.

20. Section 227(c) of the TCPA requires the FCC to "initiate a rulemaking proceeding concerning the need to protect residential telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object." 47 U.S.C. § 227(c)(1).

21. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

22. A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id*.

23. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provides a private right of action against any entity that makes those calls, or "on whose behalf" such calls are made. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

**B.    Unsolicited Telemarketing to Plaintiff**

24. Plaintiff Collins is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

25. Plaintiff's residential cellular telephone number is (303)-XXX-XXXX, is on the National Do Not Call Registry, and has been since 2004.

26. Ms. Collins uses the number for personal, residential, and household reasons.

27. The number is a residential telephone line because it is assigned to a cellular telephone exchange service for consumers and is not assigned to a telephone exchange service for businesses.

1. Plaintiff Collins never consented to receive calls from Defendant.

6

  2.  Plaintiff Collins never did business with the Defendant.

  3.  Despite this, Plaintiff received a total of at least three automated, prerecorded telephone calls from Defendant's number 972-489-2931 as part of a telemarketing campaign sent on October 31, November 1, and 2, 2024.

  4.  The Plaintiff also received the following text messages:



  5.  The pre-recorded calls left various messages, including the below:

> Hey, this is just Connor Neilsen with Close Real Estate. My business partner Laurant sent over a text with a pretty bold business guarantee. I thought I'd call and explain it…

6. Another pre-recorded call stated:

> Hey, this is just Connor reaching out again. I was curious if your last agent didn't tell you why your home didn't sell…

7. A final pre-recorded call stated:

> Hey, this is Connor, I'm just going to reach out one last time. If you're going to interview other agents and brokerages, I'd love to just have a 10 minute conversation…

8. The calls were unwanted.

9. The calls were nonconsensual encounters.

10. Plaintiff's privacy has been violated by the above-described prerecorded telemarketing messages.

11. Plaintiff never provided her consent or requested these messages.

12. Plaintiff and all members of the Classes, defined below, have been harmed by the acts of Defendant because their privacy has been violated and they were annoyed and harassed. In addition, the calls occupied their telephone lines, storage space, and bandwidth, rendering them unavailable for legitimate communication, including while driving, working, and performing other critical tasks.

## V.   CLASS ACTION ALLEGATIONS

13. <u>Class Definition</u>. Pursuant to Fed. R. Civ. P. 23(b)(2) and (b)(3), Plaintiff brings this case on behalf of the Classes (the "Classes") defined as follows:

> **Robocall Class:** All persons within the United States: (1) to whose cellular telephone numbers (2) Defendant, or a third party on their behalf, placed a call using artificial or pre-record messages (3) within the four years prior to the filing of the Complaint
>
> **National Do Not Call Registry Class**: All persons in the United States whose (1) telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing call or text message from

or on behalf of Defendant, (3) within a 12-month period, (4) at any time in the period that begins four years before the date of filing this Complaint to trial.

14.   Excluded from the Classes are counsel, Defendant, any entities in which Defendant has a controlling interest, Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

15.   The Classes, as defined above, are identifiable through telephone records and telephone number databases.

16.   The potential members of the Classes likely number at least in the hundreds because of the *en masse* nature of telemarketing calls.

17.   Individual joinder of these persons is impracticable.

18.   Additionally, the disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

19.   Plaintiff is a member of the Classes and will fairly and adequately represent and protect the interests of the Classes as she has no interests that conflict with any of the class members.

20.   Plaintiff and all members of the Classes have been harmed by the acts of Defendant, including, but not limited to, the invasion of their privacy, annoyance, waste of time, and the intrusion on their telephone that occupied it from receiving legitimate communications.

21.   This class action complaint seeks injunctive relief and money damages.

22.   There are numerous questions of law and fact common to Plaintiff and members of the Classes. These common questions of law and fact include, but are not limited to, the following:

    a.   Whether Defendant systematically used systems, including Omind, Perfect Pitch, or technologically similar systems, to send calls using artificial or pre-recorded voices;

      b.    whether Defendant systematically made multiple telephone calls to members of the National Do Not Call Registry Class;

      c.    whether Defendant made calls to Plaintiff and members of the Classes without first obtaining prior express written consent to make the calls;

      d.    whether Defendant made telephone solicitations to members of the Texas Business and Commerce Code class without the required registration; and

      e.    whether members of the Classes are entitled to treble damages based on the willfulness of Defendant's conduct.

23. Plaintiff's claims are typical of the claims of the Classes, as they arise out of the same common course of conduct by Defendant and are based on the same legal and remedial theories.

24. Plaintiff is an adequate representative of the Classes because his interests do not conflict with the interests of the Classes, he will fairly and adequately protect the interests of the Classes, and he is represented by counsel skilled and experienced in class actions, including TCPA class actions.

25. Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendant and/or its agents.

26. A class action is the superior method for the fair and efficient adjudication of this controversy. Class-wide relief is essential to compel Defendant to comply with the TCPA. The interests of individual members of the Class in individually controlling the prosecution of separate claims against Defendant are small because the damages in an individual action for

violation of the TCPA are small. Management of these claims is likely to present significantly more difficulties than are presented in many class claims. Class treatment is superior to multiple individual suits or piecemeal litigation because it conserves judicial resources, promotes consistency and efficiency of adjudication, provides a forum for small claimants, and deters illegal activities. There will be no significant difficulty in the management of this case as a class action.

27.  Defendant has acted on grounds generally applicable to the Classes, thereby making final injunctive relief and corresponding declaratory relief with respect to the Classes appropriate on a class-wide basis. Moreover, on information and belief, Plaintiff alleges that the telephone solicitation calls made by Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf that are complained of herein are substantially likely to continue in the future if an injunction is not entered.

## FIRST CAUSE OF ACTION

**Telephone Consumer Protection Act**
**(Violations of 47 U.S.C. § 227(b))**
**(On Behalf of Plaintiff and the Robocall Class)**

28.  Plaintiff repeats the prior allegations of this Complaint and incorporates them by reference herein.

29.  The foregoing acts and omissions of Defendant and/or their affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making calls, except for emergency purposes, with an artificial and/or pre-recorded voice message to protected telephone numbers.

30.  The Defendant's violations were negligent, willful, or knowing.

31. As a result of Defendant's and/or their affiliates, agents, and/or other persons or entities acting on Defendant's behalf's violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the Class presumptively are entitled to an award of between $500 and $1,500 in damages for each and every call made.

32. Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting Defendant and/or their affiliates, agents, and/or other persons or entities acting on Defendant's behalf from making pre-recorded calls, except for emergency purposes, to any protected telephone number in the future.

**SECOND CAUSE OF ACTION**
**Telephone Consumer Protection Act**
**Violations of 47 U.S.C. § 227(c)(5) & 47 C.F.R. § 64.1200(c)**
**(On Behalf of Plaintiff and the National Do Not Call Registry Class)**

33. Plaintiff repeats the prior allegations of this Complaint and incorporates them by reference herein.

34. The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making telemarketing calls, except for emergency purposes, to Plaintiffs and members of the National Do Not Call Registry Class despite their numbers being on the National Do Not Call Registry.

35. Defendant's violations were negligent, willful, or knowing.

36. As a result of Defendant's, and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf, violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the National Do Not Call Registry Class are presumptively entitled to an award of between $500 and $1,500 in damages for each call made.

37. Plaintiff and the members of the National Do Not Call Registry Class are also entitled to and do seek injunctive relief prohibiting Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf from making telemarketing calls to telephone numbers registered on the National Do Not Call Registry, except for emergency purposes, in the future.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Classes, prays for the following relief:

A. Certification of the proposed Classes;

B. Appointment of Plaintiff as representative of the Classes;

C. Appointment of the undersigned counsel as counsel for the Classes;

D. An order enjoining Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf from making calls using artificial or prerecorded voice, or telemarketing calls to numbers on the National Do Not Call Registry, absent an emergency circumstance;

E. An award to Plaintiff and the Classes of damages, as allowed by law; and

F. Orders granting such other and further relief as the Court deems necessary, just, and proper.

## VI.   DEMAND FOR JURY

Plaintiff demands a trial by jury for all issues so triable.

RESPECTFULLY SUBMITTED AND DATED this December 1, 2024.

*/s/ Anthony Paronich*

13

Anthony Paronich
Email: anthony@paronichlaw.com
PARONICH LAW, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Telephone: (617) 485-0018
Facsimile: (508) 318-8100


*Attorneys for Plaintiff and the Proposed Class*